```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

REGINALD D. WASHINGTON; JR.,

                Plaintiff,

vs.                                       Case No.   2:10-cv-485-FtM-99SPC

TIMOTHY J. BUDZ, in his individual and official capacity as Facility Administrator at Florida Civil Commitment Center, JACQUES LAMOUR, Doctor, in his individual and official capacity as Chief Health Official at Florida Civil Commitment Center, HOWARD PINSKY, ARNP, in his individual and official capacity as an ARNP at Florida Civil Commitment Center, B. Webster. ARNP, in his individual and official capacity as an ARNP at Florida Civil Commitment Center, FNU HAGOOD, ARNP, in his individual and official capacity as an ARNP at Florida Civil Commitment Center,

                Defendants.
_____

## **OPINION AND ORDER**

This matter comes before the Court upon Plaintiff's Motion to Compel Discovery (Doc. #42, Motion). Defendants individually filed responses to Plaintiff's Motion (##44-48). Plaintiff moves the Court to compel the Defendants to respond to various

1

written interrogatories that he propounded on Defendants. This Motion is ripe for review.

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Discovery requests are not only limited to the issues raised in the pleading, nor limited only to evidence that would be admissible at trial. Id. However, "discovery, like all matters of procedure, has ultimate and necessary boundaries." Id. "Courts have long held that '[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so.'" Henderson v. Holiday CVS, L.L.C., 2010 U.S. Dist. Lexis 80660 at *6, 2010 WL 3153979 (S.D.Fla. Aug. 9, 2010) (quoting Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012-13 (D.C.Cir. 1997)). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

In pertinent part, Plaintiff has pending a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of his Fourteenth Amendment due process rights. (Doc. #1, Complaint). The gravamen of the Complaint is that Plaintiff was deliberately denied medical care and treatments for his serious medical condition. Id. Defendants filed an Answer and Affirmative Defenses to Plaintiff's Complaint (Doc. #25). The Court entered a Case Management and Scheduling Order (Doc. #35). Prior to the expiration of the discovery deadline, Plaintiff propounded individual sets of interrogatories upon Defendants Lamour, Pinsky, Webster, Hagood and Budz. Plaintiff now seeks to compel answers to various interrogatories that Defendants failed to answer or to which they otherwise objected.

**Defendant Lamour**

Plaintiff requests the Court to compel Defendant Lamour to respond to interrogatories 4-5, 8-13, 15, and 17. Motion, ¶2. Defendant Lamour is a physician at the FCCC.

Interrogatories 4, 5, 10, 15 and 17 ask for Defendant Lamour to give his medical opinion to various questions. Doc. #42-1 at 5-7. Defendant Lamour objected to these interrogatories on the grounds that the information sought "calls for speculation" and is "vague and ambiguous." Id. at 24-25. The Court finds that the information requested by Plaintiff in interrogatory numbers 4, 5, 10, 15 and 17 is within the scope of Fed. R. Civ. Pro.

3

33(a)(2) which provides "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ." The Court finds the requested information is relevant in that it may lead to the discovery of admissible evidence pertaining to the Plaintiff's claim. The Court grants Plaintiff's Motion to Compel Defendant Lamour to respond to Interrogatories 4, 5, 10, 15, and 17.

Interrogatory 8 asks if Defendant Lamour provided medical care to Plaintiff. Id. at 5. Interrogatory 9 requests an explanation if the Defendant answers interrogatory 8 negatively. Defendant Lamour responded to interrogatory 8 in the negative, rendering interrogatory 9 applicable. The Court finds that Defendant Lamour has sufficiently responded to interrogatory 8 but has not adequately responded to interrogatory 9. Therefore, Plaintiff's Motion to Compel interrogatory 9 is granted.

Regarding interrogatories number 11, 12, and 13, Plaintiff is seeking to compel discovery for all prior and current medical malpractice lawsuits against Defendant Lamour including any settlements. Id. at 6. Defendant Lamour objects stating that the information is "irrelevant" and not "reasonably calculated to lead to the discovery of admissible evidence" and further that the request is "overbroad." Id. at 25. "[O]bjections which state that a discovery request is 'vague, overly broad, or unduly

4

burdensome' are, by themselves, meaningless and are deemed without merit by this Court." <u>Guzman v. Irmaden, Inc.</u>, 249 F.R.D. 399, 400 (S.D. Fla. 2008). Plaintiff did not make a blanket statement asking for any and all prior and current lawsuits, but specifically stated the type of information sought being related to medical malpractice. Plaintiff's request was narrowly tailored to "medical malpractice, medical negligence, and/or deliberate indifference" claims and therefore the information is discoverable. The Court finds the information sought by interrogatories 11, 12, and 13, is discoverable and the Motion to Compel will be granted. With regards to interrogatory 13 the Court will limit discovery to settlements which are not subject to confidentiality agreements.

**Defendants Pinsky, Webster and Hagood**

Plaintiff requests the Court to compel Defendant Pinsky to respond to interrogatories 3-6, 8-14, and 15. Motion at 2, ¶3. Plaintiff requests the Court to compel Defendant Hagood to respond to interrogatories 3-6, 8-14, and 15. Motion at 2, ¶5. Plaintiff requests the Court to compel Defendant Webster to respond to interrogatories 3-6, 8, 10-14, and 15. Motion at 2, ¶4. Defendants Pinsky, Webster and Hargood are Advanced Registered Nurse Practioners ("ARNP") at the FCCC. Due to the duplicity in Plaintiff's interrogatory requests for Defendants Pinsky, Webster and Hagood and Defendants' duplicative responses,

5

the Court will address Plaintiff's Motion to Compel answers to these interrogatories collectively.

Interrogatories 3, 4, and 8 ask the Defendants to provide their opinion to certain questions based on their medical experience. Defendants objected to these interrogatories on the grounds that the information sought "calls for speculation" and is "vague and ambiguous." The Court finds the objection without merit. The discovery sought by Plaintiff in interrogatories 3, 4, and 8 is within the scope of Fed. R. Civ. Pro. 33(a)(2) because it is requesting the Defendants opinion on the facts of the case. The Court finds the requested information is relevant in that it may lead to the discovery of admissible evidence pertaining to the Plaintiff's claim. Therefore, Plaintiff's Motion to Compel is granted as to interrogatories 3, 4, and 8.

Interrogatory 5 asks if the Defendants provided medical care to Plaintiff. Interrogatory 6 asks for an explanation that is dependent upon the Defendant responding to interrogatory number 5 affirmatively. Defendants objected to both interrogatories on the grounds that neither is a "proper question in that it assumes a fact within a question." The Court finds that the Defendants objection is unfounded. The Defendants are free to qualify their response as needed to clarify any facts that may be assumed by the question. However, the Court finds the interrogatories are relevant and seek discoverable information. Consequently,

6

Plaintiff's Motion to Compel is granted as to interrogatories 5 and 6.

Interrogatory 9 requests the Defendants to provide their "knowledge" as to whether the facility had a particular "custom, policy, practice or procedure" with regards to treating residents suffering from chronic pain caused by an inguinal hernia and/or lower abdominal/groin area. Doc. #42-1 at 15. Defendant Pinsky and Defendant Hagood objected to Interrogatory 9 on the grounds that it is an improper question which "assumes a fact within a question." Id. at 28, 37. The Court finds that this interrogatory is relevant and therefore, grants the Plaintiff's Motion to Compel Defendant Pinsky and Defendant Hagood to answer interrogatory 9.

Interrogatory 10 asks if the Defendants examined the Plaintiff or diagnosed his condition. Defendants object to Interrogatory number 10 on the grounds that it is an improper question which "assumes a fact within a question." Doc. 42-1 at 28, 37. The Court finds the information is relevant and therefore, grants the Plaintiff's Motion to Compel Interrogatory number 10.

Interrogatory 11 inquires as to whether the Defendants were aware of any residents in the facility dying from "inadequate medical treatments, improper diagnosis or negligence." The Defendants object to Interrogatory number 11 on the grounds that

7

it calls for "speculation" and is "vague and ambiguous." Doc. 42-1 at 28, 37. The Court finds that this interrogatory is relevant and therefore, grants the Plaintiff's Motion to Compel Interrogatory 11.

Interrogatory number 12 inquires as to whether the Defendants have been "disciplined, investigated, reprimanded or terminated for providing inadequate" medical care. Defendants objects stating that the information is "irrelevant" and not "reasonably calculated to lead to the discovery of admissible evidence" and further that the request is "overbroad." Doc. #42-1 at 16. The Court finds the information requested is relevant and the Motion to Compel interrogatory 12 is granted.

In Interrogatories 13, 14 and 15 the Plaintiff is seeking to compel discovery for all prior medical malpractice lawsuits against the Defendants including any settlements. Defendants object stating that the information is "irrelevant" and not "reasonably calculated to lead to the discovery of admissible evidence" and further that the request is "overbroad." Doc. #42-1 at 16. Plaintiff's request is narrowly tailored to "medical malpractice, medical negligence, and/or deliberate indifference" claims and therefore the information is discoverable. The Court finds that interrogatories 13, 14, and 15, are relevant and the Motion to Compel is granted. With regards to interrogatory 15

8

the Court limits discovery to settlements which are not subject to confidentiality agreements.

**Defendant Budz**

The Plaintiff requests the Court to compel Defendant Budz to respond to Interrogatories numbers 5-7, and 11. Motion at 2, ¶6. Defendant Budz is the administrator at the FCCC.

Interrogatories 5, 6, and 7, request general information regarding whether Defendant Budz in his capacity as facility administrator has been a party to any prior lawsuits, found liable in any prior lawsuits, and whether he settled any prior lawsuits. Doc. #42-1 at 2-3. Defendant Budz objects to these interrogatories as "irrelevant," "unduly burdensome," and "over broad." Id. at 19-20. The Court finds interrogatories 5, 6, and 7 are relevant to the extent that the questions involve lawsuits related to the FCCC and are lawsuits against Defendant Budz in his capacity as facility administrator. Therefore, the Motion to Compel is granted as to interrogatories 5-7. With regards to interrogatory 7 the Court further limits discovery to settlements agreements that are not subject to a confidentiality agreement.

Interrogatory 11 asks whether any resident at the FCCC died from "inadequate medical care and treatments." Id. at 3. Defendant Budz objects to interrogatory 11 on the grounds that it calls for "speculation." Doc. 42-1 at 20. The Court does not find that the interrogatory calls for speculation. Defendant

9

Budz shall answer interrogatory 11 if Defendant Budz has knowledge that a resident's death was caused in whole or in part from "inadequate medical care and treatments."

ACCORDINGLY, it is hereby **ORDERED**:

Plaintiff's Motion to Compel (Doc. #42) is **GRANTED** to the extent Defendants shall provide Plaintiff with the discovery information described herein within **ten (10) days** of the date on this Order.

**DONE AND ORDER** in Fort Myers, Florida, on this 27th day of November, 2012.

                                                    SHERI POLSTER CHAPPELL
                                                    UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record